JAMES S. STOLL AND SANFORD K. VANNATTA v. WILLIAM A. PADLEY AND CHARLES O. PADLEY.

[See 98 Mich. 13.]

*Bond on certiorari—Liability of surety—Judgment.*

1. Plaintiffs recovered a judgment in justice's court, which was reversed on *certiorari*, and the judgment of the circuit court was in turn reversed in the Supreme Court, where the justice's judgment was affirmed, with the costs of both courts. The bond given in the *certiorari* proceeding did not conform to the statute, but was conditioned to pay any judgment rendered against the defendants in the circuit court. And it is held that the liability of the surety on said bond cannot be extended by construction, and a motion by the plaintiffs for the entry of a judgment against the surety is denied.

2. And it is further held that an application to change the form of the judgment entry in the Supreme Court, so as to empower the circuit court to enter judgment, comes too late; that the proper practice would have been to ask for a new bond in that court, but, instead of doing so, the plaintiffs have taken out an execution upon the judgment sought to be changed.

Motion for the entry of a judgment against the surety on the bond given by the defendants on removing the judgment rendered against them in justice's court by *certiorari* to the circuit court, or to change the form of the judgment entry in the Supreme Court so as to empower the circuit court to enter such a judgment. Submitted April 3, 1894. Denied May 22, 1894. The facts are stated in the opinion, and in 98 Mich. 13.

*Turner, Turner & Turner,* for the motion.

*Smith, Nims, Hoyt & Erwin, contra.*

PER CURIAM. The plaintiffs in error were defendants in *certiorari* in the circuit. The plaintiffs in *certiorari* executed a bond which did not comply with the statute, but was conditioned to pay any judgment rendered against them in the circuit court. No such judgment was rendered, but, on the other hand, the circuit court rendered a judgment in their favor. Motion is now made to enter judgment against the surety.

We cannot extend the liability of a surety by construction. The identical question was ruled by the supreme court of Massachusetts in *Whitwell v. Burnside,* 1 Metc. 39.

We are asked to change the form of the judgment entry so as to empower the circuit court to enter judgment. But we think the application comes too late. The proper practice would have been to ask for a new bond in that court. But, instead of doing so, plaintiffs have actually issued an execution upon the judgment in this Court.

Motion denied.